JOHN H. MITTELSDORFER, DEFENDANT IN ERROR, v.
WEST JERSEY AND SEASHORE RAILROAD COMPANY,
PLAINTIFF IN ERROR.

Argued March 18, 1909—Decided June 14, 1909.

A general exception to a part of a charge of the court in a civil cause
containing several distinct and separate propositions of law will
not be available.

On error to the Supreme Court.

For the plaintiff in error, *Bourgeois & Sooy.*

For the defendant in error, *Higbee & Coulomb.*

The opinion of the court was delivered by

TRENCHARD, J.    This suit was brought by John H. Mittelsdorfer, the husband of Sarah A. Mittelsdorfer, to recover for moneys expended for medical attention and the loss of service and society of his wife who was injured by reason of the negligence of the defendant company.    The judgment rendered in the suit of the wife for her personal injuries (Mittelsdorfer *v.* West Jersey and Seashore Railroad Co.) was affirmed at this term of this court.

The disposition of the questions raised in the suit of the wife disposed of all questions presented in the present case, excepting the one now to be considered.

In this case it is contended that the judgment entered upon the verdict of the jury should be reversed because of an alleged error in the charge of the court.

The defendant took only a general exception to a portion of the charge which embraced several ·distinct and independent legal propositions.    While error is assigned upon the entire portion of the charge excepted to, yet it is here contended only that but one of the several propositions was erroneous.

In this situation the alleged error will not be considered.

The rule is that a general exception to a charge or a part of a charge containing several distinct and separate legal propositions will not be available. *Oliver* v. *Phelps,* 1 *Zab.* 597; *Potts* v. *Clarke, Spenc.* 536; *Associates, &c.,* v. *Davison,* 5 *Dutcher* 415.

The doctrine is founded upon the inflexible rule that the party who objects in the course of a trial must bring his objection to the mind of the trial judge, so that the judge may correct erroneous expressions or explain what would otherwise mislead. Obviously, any such exception, while logically asserting the error of each of the propositions involved, is considered unavailable, because the objection has not been leveled at a specific and distinct error and the attention of the judge has not been called to the precise point of the objection. *Packard* v. *Bergen Neck Railway Co.,* 25 *Vroom* 553.

The rule is mainly established for the protection of the prevailing party. No party ought to be allowed to surprise or mislead his adversary, nor to raise here for the first time a point which might have been obviated had it been made in the court below. *Oliver* v. *Phelps, supra.*

An exception to a part of a charge containing various legal propositions must, therefore, single out and specify, one by one, the propositions objected to, and this may be done, as was said in *Potts* v. *Clark, supra,* "either by saying in the bill that the party excepts to so much of the charge as instructs the jury that the law is so and so, or by stating, by way of recital, the part of the charge excepted to, or by calling on the court to charge in a certain way, and if the court refuse to so charge, then by excepting to such refusal."

The result is that the judgment of the court below is affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J. 14.

*For reversal*—None.