## FRESE, ADMINISTRATRIX OF FRESE, *v.* CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 27.  Argued October 3, 1923.—Decided October 15, 1923.

Where a state statute makes it the duty of a locomotive engineer to stop his train within a certain distance of a crossing of another railroad, and positively to ascertain that the way is clear and that the train can safely resume its course, before proceeding to pass the crossing, the duty is a personal one which cannot be devolved by custom upon the fireman; and the negligence of the engineer in failing to comply with the duty is a defense to an action for his resulting death, brought by his administratrix under the Federal Employers' Liability Act, notwithstanding a possibility that the injury might have been avoided if the fireman had been more vigilant.  P. 3.

290 Mo. 501, affirmed.

CERTIORARI to a judgment of the Supreme Court of Missouri which reversed a judgment against the respondent railroad company, in an action by the petitioner for damages, under the Federal Employers' Liability Act.

*Mr. John G. Parkinson* for petitioner.

Even if the Missouri Supreme Court had the right to decide, in conflict with a decision of the Illinois Appellate

1

Court, that Frese, the engineer, was guilty of negligence as a matter of law in not having prevented the collision, the real and substantial cause of the collision was the negligence of the fireman, Savage, and, under the provisions of § 3 of the Employers' Liability Act, a recovery cannot be denied to the plaintiff, but only diminished in the proportion that the negligence of Frese bore to the combined negligence of Frese and Savage. *Union Pacific R. R. Co.* v. *Hadley,* 246 U. S. 330.

*Mr. M. G. Roberts,* with whom *Mr. Bruce Scott, Mr. H. J. Nelson* and *Mr. E. M. Spencer* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action in Missouri under the Federal Employers' Liability Act for the death of the plaintiff's (petitioner's) intestate, caused by a collision in Illinois between engines of the defendant and the Wabash Railroad Company at a grade crossing. The deceased, Frese, was the engineer in charge of the defendant's engine. A statute of Illinois [Hurd's Rev. Stats., 1916, c. 114, § 75] required that "All trains running on any railroad in this State, when approaching a crossing with another railroad upon the same level, or when approaching a swing or draw bridge, in use as such, shall be brought to a full stop before reaching the same, and within eight hundred (800) feet therefrom, and the engineer or other person in charge of the engine attached to the train shall positively ascertain that the way is clear and that the train can safely resume its course before proceeding to pass the bridge or crossing." *Southern Ry. Co.* v. *King,* 217 U. S. 524. Frese brought his train to a stop somewhat over two hundred feet from the crossing, and the Wabash train stopped at about three hundred feet from it. But the view of the

Wabash track from the Burlington was obstructed inter-
mittently until the Wabash track was reached.   The two
trains did not discover each other, but started on again
and collided, killing Frese.   The Supreme Court of Mis-
souri held that, as the engine was under the control of
the engineer who was killed, the statute of Illinois im-
posed upon him the imperative duty positively to ascer-
tain that the way was clear before entering upon the
crossing; that if he had done so he would not have been
killed, and that the plaintiff could not recover.   Judg-
ment was ordered for the defendant.   290 Mo. 501.

The plaintiff contends that there was evidence of con-
tributory negligence on the part of the fireman, Savage,
and therefore that, even if Frese was negligent, that would
not be a bar to this action under the Employers' Liability
Act.   But the only evidence as to the fireman came from
a man who was standing on the ground as the engine
passed him.   He says that it looked to him that the fire-
man then was looking through the front window at that
time and that he continued in that position up to say
fifty or sixty feet from the crossing of the tracks.   The
fireman was on the left on the side of the other approach-
ing train, the engineer on the right where he could not
see so well.   But of course the witness could not testify
which way the fireman turned his eyes after he saw only
his back, and it is a mere speculation to argue that Savage
did not do all that he could.   Moreover, the statute makes
it the personal duty of the engineer positively to ascertain
that the train can safely resume its course.   Whatever
may have been the practice, he could not escape this duty,
and it would be a perversion of the Employers' Liability
Act, (April 22, 1908, c. 149, § 3; 35 Stat. 65, 66,) to hold
that he could recover for an injury primarily due to his
failure to act as required, on the ground that possibly the
injury might have been prevented if his subordinate had
done more.   See *Great Northern Ry. Co.* v. *Wiles,* 240

U. S. 444, 448. If the engineer could not have recovered for an injury his administratrix can not recover for his death. *Michigan Central R. R. Co.* v. *Vreeland,* 227 U. S. 59, 70. There is no doubt that the statute of Illinois applied to this case.

*Judgment affirmed.*