## LANCASTER et al v. JARRETT.*
### (No. 2978.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 10, 1924. Rehearing Denied Jan. 8, 1925.)

**1. Appeal and error ⬅═1062(4)—Not reversible error to leave to jury question of what defendant's rules required, though testimony was conclusive thereon.**

In railway engineer's action for injuries in collision, though testimony conclusively showed defendant's rules required engineer to read orders aloud, it was not reversible error to leave to jury question of what rules required.

**2. Trial ⬅═253(4)—Instruction that plaintiff could not recover if jury believed collision would have been avoided had he read orders aloud as required by rules properly refused.**

In engineer's action for injuries, instruction that plaintiff could not recover if jury believed collision would have been avoided had he read orders aloud, as required by rules, was properly refused, where such negligence was not sole proximate cause of collision.

**3. Appeal and error ⬅═215(1)—Objection to refusal to give instructions waived when contradictory instructions not objected to.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, error in refusal to give instruction asked is waived, where a contrary instruction is not objected to.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Z. L. Jarrett against J. L. Lancaster and others, receivers, for personal injuries. Judgment for plaintiff, and defendants appeal. Affirmed.

See, also, 258 S. W. 271.

At about 5:12 o'clock of the morning of November 10, 1921, appellee, then the engineer in charge of the locomotive of appellants' passenger train No. 3, was injured in his person as a result of a collision between that train, moving west on the main line track of the Texas & Pacific Railway, and freight train No. 66, moving east on said track at a point between Camps and Gladewater. Claiming that the collision was due to negligence of appellants, as receivers in charge of said railway, appellee brought this suit against them for damages, and recovered the judgment for $10,000 from which the appeal is prosecuted.

It appeared from the testimony that in giving orders to train operatives appellants used printed forms, one known as "31" and another as "19." Form 31 was on yellow paper, and was used in giving orders as to the movement of trains. Form 19 was on blue paper, and was used in advising as to the condition of tracks and other matters regarded as of less importance than the movement of trains. Copies of orders issued were delivered to both the conductor and the engineer of a train, and were accompanied by "clearance cards" showing the number of each of the orders and whether it was on a 31 or 19 form, and also showing whether the "block" ahead (meaning in the instant case the section of track between Longview and Gladewater) was clear of or was occupied or would be occupied by other trains. When an order on form 31 was delivered to an engineer appellants' rules required him to read it aloud to the conductor, and in that way ascertain if the order delivered to him was like the one held by the conductor. The rules referred to did not require the engineer to compare an order received by him on form 19 with the one held by the conductor. The witness Robertson, who was appellants' station agent at Longview, testified that he had received five orders from appellants' dispatcher at Fort Worth for delivery to the conductor and engineer of said train No. 3 when it reached Longview. He said he turned over two copies of each of the orders to the conductor, with clearance cards showing the track between Longview and Gladewater to be clear of trains. Turner, the conductor, testified that copies of the five orders and clearance cards were delivered to him as stated by Robertson, and that he (Turner) delivered one of the clearance cards and a copy of each of the five orders to appellee. Both Robertson and Turner testified that among the five orders was one numbered "8," on form 31, as follows, so far as material here: "No. 3 engine 700 wait Gladewater until 5:15 a. m"; and one numbered "14," on form 19, as follows, so far as material here: "No. 3 engine 700 wait Camps until 5:15 a. m."

Appellee, testifying as a witness, said the conductor delivered only four orders and a clearance card to him. He further testified that the order No. 8, referred to above, was one of the four orders delivered to him and was noted on the clearance card, but that the order numbered 14, referred to above, was not delivered to him, and was not noted on the clearance card delivered to him. Having, he testified, order No. 8 directing him to wait at Gladewater, six or seven miles west of Camps, and the clearance card showing the track to be clear to Gladewater, and knowing nothing about order No. 14 to wait at Camps, appellee did not stop the train at that place, but passed on by it and to a point about one mile west thereof, where the collision with the freight train occurred.

This is the second appeal of the case. The pleadings of the parties at the last trial were the same as those relied upon at the first trial, and the testimony was not materially different it seems. A full statement of the case will be found in the report of the former appeal in 258 S. W. 271.

Prendergast & Prendergast and Bibb & Caven, all of Marshall, for appellants.

Davidson, Blalock & Blalock, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). After telling the jury to find for appellants if they believed order No. 14 was delivered to appellee, nothwithstanding they might also believe he did not know it had been delivered to him, the court, in the sixth paragraph of his charge, instructed the jury to find that appellee was guilty of contributory negligence if they believed from the evidence "that the rules of the defendant required plaintiff to read the train orders delivered to him aloud in the presence of the conductor when the conductor delivered such orders, and shall further believe that, if the plaintiff had read the orders aloud in the presence of the conductor, as required by the rules of the defendant, and that the absence of order No. 14, if it was absent, in plaintiff Jarrett's orders would have been discovered, and would have been supplied and the accident avoided, and if the jury shall further believe that such failure upon the part of Jarrett to read aloud the orders to the conductor under the attending circumstances was negligence, which negligence, if any, contributed to the injury of the plaintiff."

[1] Before the charge was read to the jury appellants objected to the part thereof set out above, asserting that it conclusively appeared from the testimony that appellants' rules required appellee to read orders he had aloud to the conductor, and that he did not do so, and insisting that the court therefore should have instructed the jury that those matters appeared as facts instead of submitting to them questions as to whether they existed as facts or not. We agree it conclusively appeared that the order No. 8 delivered to appellee was one the rules required him to read aloud to the conductor, and that he did not comply with the requirement, and we agree that. the court should have so instructed the jury, but we do not think, on the record as it appears here, that his failure to do so should operate to reverse the judgment. Railway Co. v. Nelson (Tex. Civ. App.) 111 S. W. 1062.

[2] Appellants complain because the court refused certain special charges requested by them which, had the charges been given, would have instructed the jury that appellee was not entitled to recover anything of appellants if the absence of order No. 14 from the batch of orders delivered to him would have been discovered and the information it contained supplied to him and the collision avoided had he read the orders he had aloud to the conductor. It was not error to refuse the instruction, unless the jury had a right to say from the testimony that negligence of appellee in so failing to read orders he had was the sole proximate cause of the collision. We think the jury had no such right, if order No. 14 was not delivered to appellee, for in that event it conclusively appeared that appellants were guilty of negligence which was a proximate cause of the accident, when, having delivered order No. 8 to appellee, directing him to take the train to Gladewater, they failed to notify him that the freight train would be on the track and moving east at the point where the collision occurred. It is urged, further, as a reason why it was error to refuse the requested special charges, even if negligence of appellee in failing to read orders he had as required by appellants' rules was not the sole proximate cause of the accident, but instead was only negligence which concurred with negligence on the part of appellants in causing the collision, that the actionable negligence of appellants consisted alone in the failure of the conductor to discharge the duty which rested on both him and appellee alike to compare orders they had, respectively. Conceding, without deciding, that it appeared that such negligence on the part of the conductor was the only negligence chargeable against appellants as a proximate cause of the accident, we nevertheless do not think the contention should be sustained, for reasons stated in the opinion of Judge Levy, speaking for this court (and citing articles 6640-6642 R. S.), when the case was before us on the former appeal (258 S. W. 271). We did not think then, and do not now, in view of the statute referred to, that cases like Frese v. Ry. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed.. 131, Railway Co. v. Ropp, 76 Ohio St. 449, 81 N. E. 748, 11 L. R. A. (N. S.) 413, and Davis v. Payne, 108 Or. 72, 216 P. 195, cited by appellants, required a conclusion different from the one then reached by this court.

[3] Another contention urged in appellants' brief is that, if it was not error to refuse the special charges above referred to, it was error to refuse certain other special charges requested by them which, had they been given, would have instructed the jury to find appellee guilty of contributory negligence if they believed order No. 14 was not delivered to him, but believed he would have been apprised of the contents of that order and have avoided the collision had he read orders delivered to him aloud to the conductor as required by the rules. The material difference between the charge the court gave and the one he refused was that in the charge he gave he told the jury to find that appellants were guilty of contributory negligence on the conditions stated only in the event they believed that the failure of appellee to read orders he had aloud to the conductor was negligence "under the attending circumstances." The charge the court gave was not objected to because of the qualification stated, and hence appellants are in the attitude of having waiv-

ed any right they had to make such an objection. Article 1971, Vernon's Statutes. The refused charges were in effect contradictory of the instructions the court gave. The rule seems to be that a party has no right to complain of the refusal of the court to give instructions which conflict with instructions given and which the complaining party did not object to. City of Fort Worth v. Ashley (Tex. Civ. App.) 197 S. W. 307; Isbell v. Lennox (Tex. Civ. App.) 224 S. W. 524. Therefore appellants' contention is overruled without determining whether the refused charges but for the waiver should have been given or not.

We think error requiring a reversal of the judgment has not been shown. Therefore it is affirmed.