RYAN v. DELAWARE, L. & W. R. CO.
DONAHUE v. SAME. LONGCOR
v. SAME.

(Circuit Court of Appeals, Third Circuit. September 17, 1925.)

Nos. 3311–3313.·

1. **Railroads** ⬤⟲350(24)—**Contributory negligence of automobile driver with restricted view question for jury.**

It is a positive duty of an automobile driver approaching railroad tracks where there is a restricted view, to stop, look, and listen at a time and place where stopping and looking and listening will be effective; but the surroundings may be such as to raise the question whether because of obstructions, there was any time and place where stopping and looking and listening would have been effective, and that question is one of fact for the jury, if the evidence is conflicting.

2. **Railroads** ⬤⟲327(12)—**Gratuitous passenger in automobile owes independent duty of care for own protection.**

The duty rests on a gratuitous passenger or guest in an automobile to exercise ordinary care for his own protection, and in such case it is not a question of imputing negligence of the driver to the passenger, but whether the passenger himself exercised due care.

In Error to the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

Actions by Catherine A. Ryan, administratrix of estate of William P. Ryan, by Mary Donahue, administratrix of the estate of Lawrence A. Donahue, and by Theodore Longcor against the Delaware, Lackawanna & Western Railroad Company. Judgments for defendant, and plaintiffs bring error. Reversed, and new trials awarded.

Benjamin M. Weinberg, of Newark, N. J., for plaintiffs in error.

Frederic B. Scott, of New York City, for defendant in error.

Before BUFFINGTON and WOOLLEY, Circuit Judges, and MORRIS, District Judge.

WOOLLEY, Circuit Judge. The plant of the Industrial High Speed Steel Company is situated in the county of Morris, state of New Jersey. At the end of a day's work, William P. Ryan, Lawrence A. Donahue and Theodore Longcor, three of its employees, entered an open automobile a short distance from a fence dividing the premises of the steel company from the right of way of the defendant railroad company. Homeward bound, the men drove through the gate and upon a crossing which the railroad company had granted the steel company for its general use and advanced to the single track where their car was struck by a train. Ryan and Donahue were killed and Longcor injured. The administratrices of the deceased men and the survivor, respectively, brought these actions to recover damages from the railroad company for the injuries they had sustained. The cases were tried together and submitted on two issues of negligence; one, that the injured employees of the steel company were invited by the defendant to cross its track on foot and in vehicles; the other, that long prior to the time of the accident, and with the full knowledge of the defendant, employees of the steel company had regularly crossed the track at this point; and that, in either event, a duty having arisen on the part of the railroad company to exercise due care toward all such persons crossing its track, the defendant in this instance violated that duty by failing to give any warning of the approach of the train.

At the trial the defendant moved for directed verdicts on three grounds: First, that the defendant, because of the character of the agreement by which it permitted employees of the steel company to cross its track, owed them no duty other than to refrain from wilfully inflicting injuries upon them; second, that the evidence on the issue of the defendant's negligence, if submitted to the jury, would not sustain verdicts in favor of the plaintiffs; and third, (a) that Ryan, the driver of the car, was guilty of contributory negligence, and (b) that, the driver being contributorily negligent, his negligence was imputed to the other occupants. Not then being impressed with any of these contentions, the court denied the motion and submitted the cases. The verdicts were for the plaintiffs. Thereupon the

defendant moved for new trials for the reasons previously advanced in support of its motion for directed verdicts. In disposing of the motion the learned trial judge—rightly, we think—ignored the first ground that the defendant's duty of care and caution under a proper interpretation of the crossing agreement was limited to avoidance of wilful injury—and also the second ground —lack of evidence of defendant's negligence —but, feeling that he had erred in other respects, set aside the verdicts and granted new trials on the findings, as matters of law, that Ryan, the driver, was guilty of contributory negligence, that the duty of self-care and caution rested equally upon Donahue and Longcor and that, as the evidence showed nothing in this respect, these men also were guilty of contributory negligence.

At the second trial, by consent, the evidence taken at the first trial was offered and admitted. The defendant moved for directed verdicts for the same reasons that it advanced to support its like motion at the first trial. The court, for the reasons stated in its opinion granting new trials, directed the jury to render verdicts for the defendant. In due course the plaintiffs sued out these writs of error.

[1] In directing verdicts on the findings, as matters of law, that all the men were guilty of contributory negligence, the learned trial judge fell into error on what we think was a misapprehension of the law announced by the federal courts in the third circuit. He based his judgment specifically on the decisions of this court in N. Y. Central & H. R. R. Co. v. Maidment, 168 F. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794, and Brommer v. Pennsylvania R. Co., 179 F. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924, and particularly on that expression contained in the opinion in the former case which reads:

"The duty of an automobile driver approaching tracks where there is restricted vision to stop, look, and listen, and to do so at a time and place where stopping and where looking and where listening will be effective, is a positive duty."

We retract nothing from this statement of law; but the law of those cases is not all the law on the subject, nor does it answer every situation. This is shown by our later decisions in D. L. & W. R. R. Co. v. Welshman, 229 F. 82, 143 C. C. A. 358, L. R. A. 1916E, 816, and Payne v. Shotwell (C. C. A.) 273 F. 806, which, for the moment, evidently escaped the attention of the learned trial judge. These, too, were crossing cases, but in each the physical surroundings were such as to raise a question whether, because of obstructions, there was any time and any place where stopping and looking and listening would be effective. When, in a given case, none exists, the positive duty pronounced in the Maidment and Brommer Cases obviously does not arise, for to stop, look and listen at a time and place when nothing can be gained thereby is an arbitrary rule which federal courts have not adopted. Cincinnati, N. O. & T. P. Ry. Co. v. Farra, 66 F. 496, 501, 13 C. C. A. 602; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 S. Ct. 679, 36 L. Ed. 485. But whether or not there was a time and place affording opportunity for the exercise of such care and caution is not a matter, when the evidence is conflicting, for the court to decide. It is a question peculiarly for a jury. When the jury has found the fact, it is then that the law—whether the rule of positive duty to stop, look and listen or the rule of care and caution commensurate with the circumstances—can, under proper instructions from the court, be applied.

In the case at bar the evidence is that the distance along the crossing from the fence to the track was thirty feet and that the view from the crossing up the track was obstructed by the growth of vegetation. The view of those sitting on the front seat and on the rear seat of the car, as affected by the obstructions, varied, according to the witnesses, from a point twenty feet from the track to a point where the front wheels of the car would be only a foot from the first rail. Thus the evidence as to the point at which the men in the car could first see the approaching train was sharply conflicting. Until a jury has determined whether the obstructions were such as to admit of the driver's act of stopping, looking and listening at a place where stopping, looking and listening would be effective, no one can determine whether the law of the Maidment and Brommer Cases or the law of the Welshman and Shotwell Cases is applicable. For this reason we are constrained to hold that the court's finding, as matter of law, that Ryan, the driver, was guilty of contributory negligence was error.

[2] As the question of negligence of the other occupants of the car will arise at the next trial, we think court and counsel are entitled to our view of the law on that subject—only, however, so far as it has been

developed by the evidence in the record before us.

It should be observed that these are not cases in which Ryan was a common carrier and Donahue and Longcor were passengers for hire, and where, in that relation, the latter might be absolved from the duty of safeguarding themselves. On the contrary Ryan was merely giving Donahue and Longcor a lift homeward. Thus all were united in a common purpose and had a common object in view. The opportunity to see and hear, except as affected by the difference between the front and rear seats, was equal. That there is a duty resting on a gratuitous passenger or guest to exercise ordinary care for his own protection, where he has an opportunity to do so, is the law of each of the three states comprising this circuit, Mittelsdorfer v. West Jersey Co., 77 N. J. Law, 702, 73 A. 540; Dean v. Pa. R. Co., 129 Pa. 514, 18 A. 718, 6 L. R. A. 143, 15 Am. St. Rep. 733; Farley v. Wilmington R. Co., 3 Penn. (Del.) 581, 52 A. 543; and it is the federal law of the circuit as announced by this court in Brommer v. Pennsylvania R. Co., 179 F. 577, 581, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924, and Phillips v. Davis (C. C. A.) 3 F.(2d) 798. Such being the law, the true question in the cases at bar is not whether Ryan's negligence should be imputed to the other occupants of the car but whether they, or either of them, omitted that care which in the circumstances they were bound to take for their own protection. We agree with the learned trial court that the duty to exercise care for themselves devolved upon Donahue and Longcor, the other occupants of the car, as well as upon Ryan, the driver, and that failure to perform that duty would constitute contributory negligence on their part. But, as in the case of Ryan, the duty upon the others arose only when, according to the character of the obstructions, its performance was possible. And so, as in the case of the driver, it was for the jury to determine whether in the circumstances there was any time and any place where, had they stopped, looked and listened, the occupants could have performed the positive rule of duty which the law placed upon them, and, if not, whether in the circumstances they exercised the ordinary care otherwise required of them. Until the jury has determined the fact, when the evidence is conflicting, they cannot be held guilty of contributory negligence.

The judgments below are reversed and new trials awarded.