## BLUNT v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 5, 1925.)

No. 4382.

**Master and servant** ⟜247(1) — **Crossing watchman held not entitled to recover for injuries sustained when struck by truck thrown from track by train, collision being due to failure to discover and warn driver.**

Under federal Employers' Liability Act (Comp. St. §§ 8657–8665), crossing watchman, struck by truck thrown from railroad track by train, as he rushed out of shanty adjacent to track on hearing rumbling of train, *held* not entitled to recover for injuries received; collision in first instance being due to his own failure to discover and warn truck driver of approaching train, which, owing to weather conditions, he could not do from within shanty.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Ohio; Paul Jones, Judge.

Action by Llewellyn Blunt against the Pennsylvania Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Louis H. Winch, of Cleveland, Ohio (Payer, Winch, Minshall & Karch, of Cleveland, Ohio, on the brief), for plaintiff in error.

Clan Crawford, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for defendant in error.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. This is an action under the Employers' Liability Act (Comp. St. §§ 8657–8665) to recover damages for injuries received by plaintiff, a crossing watchman, who was struck by a truck which was thrown from the track of defendant by collision with a fast passenger train. The collision occurred at the intersection of defendant's tracks with a public street, at which intersection plaintiff was stationed as a watchman to warn persons using the street of the approach of trains. There was evidence tending to show that the train was running at a rapid rate of speed and no signal of its approach to the crossing was given. The afternoon was rainy and dark. There was a shanty provided by the company for its watchman adjacent to the crossing. Prior to the accident plaintiff had gone into the shanty. He remained there until the train was practically on the crossing. Upon hearing the rumbling of the train he rushed out and was struck by the truck as it was hurled from the crossing.

At the conclusion of the plaintiff's evidence the trial court directed the jury to return a verdict for the defendant. We think the ruling was correct. It was the personal duty of plaintiff to keep a lookout at the crossing, and to warn those about to use it of any trains that were approaching. The performance of this duty necessarily required that he discover the train in time to protect himself and warn others. The evi-

dence shows that, owing to weather conditions, he could not see the train from inside the shanty, but, if he had remained outside, could have seen it in time to have warned the driver and prevented the collision. He had no right to use the shanty, except as he could do so consistently with his duty as watchman. It was his failure to perform this paramount duty that was the sole proximate cause of the collision. Frese v. C., B. & Q. R. R. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131; Davis, Agent, v. Kennedy, Adm'x, 266 U. S. 147, 45. S. Ct. 33, 69 L. Ed. 212.

Judgment affirmed.