## UNADILLA VALLEY RY. CO. v. DIBBLE.

Circuit Court of Appeals, Second Circuit. March 11, 1929.

No. 161.

240

Merritt Bridges, of Morris, N. Y. (Warwick J. Kernan, of Utica, N. Y., of counsel), for plaintiff in error.

Glenn F. Carter, of Norwich, N. Y. (David F. Lee, of Binghamton, N. Y., of counsel), for defendant in error.

· Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). The Federal Employers' Liability Act (45 USCA §§ 51–59), under which Dibble brought this action to recover damages for his injuries, imposes liability upon a common carrier engaged in interstate commerce for injuries to any employee "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." The plaintiff contends:

(1) That the rule requiring a written order before proceeding south of Bridgewater was abrogated by the disregard of it by the railway employees. Such being the case, the plaintiff was entitled to recover, even if partly in fault.

(2) That, even if the rule was in full force, the accident resulted in part, at least, from the negligence of the conductor, Caldine, an employee of the railway, and thus Dibble's cause of action came within the terms of the act.

The only evidence that the rule had become a dead letter was that on certain other occasions Dawson, the station agent, whose business it was to give a copy to both the conductor and motorman of any order that the south-bound train should pass the north-bound freight below Bridgewater, neglected his duty. Dawson, according to this testimony, initiated the violation of the rule by handing both copies of such orders to the conductor. Certainly some agent representing the railway, other than the one violating the rule, should have actual or constructive notice of its disregard, before the company can be charged with abandoning its written regulations made for the protection of employés and passengers. Clark v. Manhattan R. Co., 77 App. Div. 284, 79 N. Y. S. 220; Cameron v. N. Y. C., etc., R. R. Co., 145 N. Y. 400, 40 N. E. 1. We can find no sufficient proof that any official or agent of the railway knew or had reason to know that copies of the duplicate green orders were not always delivered by the station master at Bridge-

water to Dibble before the train started. Therefore the rule seems to have at all times been in force. If this be so, it is difficult to see why Dibble was not primarily liable for the accident.

In Unadilla Valley Railway Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. —, Caldine's administrator sued this same railway for damages resulting from his death in this very accident. It was there argued that the plaintiff ought to recover because of the negligence of Dibble in going ahead, and the failure of Dawson, the station agent at Bridgewater, to warn him of the freight train, which he knew was coming north. Justice Holmes, writing for the court, said that Caldine, when he deliberately violated the rule, was not entitled to say that the collision was due to any one but himself; this, even though *Dibble also violated the rule,* and Dawson failed in the duty to warn Caldine of the danger. Justice Holmes said of Caldine:

"He was in command. He expected to be obeyed, and he was obeyed as mechanically as if his pulling the bell had itself started the train. In our opinion he cannot be heard to say that his subordinate ought not to have done what he ordered. He cannot hold the company liable for a disaster that followed disobedience of a rule intended to prevent it, when the disobedience was brought about and intended to be brought about by his own acts."

The foregoing remarks were made in answer to the claim that the failure of Dawson and Dibble to perform their obligations was "negligence to which the injury was due, at least in part," and which, therefore, imposed some liability on the railway. The court said that "the relation between the parties is to be taken into account."

Now, between Dibble and the railway, Dibble is in the same position as Caldine. There was a rule made for the protection of each, and each violated it; Caldine by his order, Dibble by his act. While it did not lie in Caldine's mouth, when he deliberately disobeyed the rule, to say that the accident was due to Dibble, it equally did not lie in Dibble's mouth, under identical circumstances, to say that the accident was primarily due to the neglect of Caldine. As against the railway, each was primarily responsible for the injury which befell him.

The decision in Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212, cannot be reconciled with any other result. There an engineer neglected to ascertain whether another train had passed a point on the road.

The court said: "His duty was primary as he had physical control of No. 4, and was managing its course. It seems to us a perversion of the statute to allow his representative to recover for an injury directly due to his failure to act as required on the ground that possibly it might have been prevented if those in secondary relation to the movement had done more." See, also, Great Northern Ry. v. Wiles, 240 U. S. 444, 36 S. Ct. 406, 60 L. Ed. 732.

It is apparent from the foregoing that the plaintiff knowingly violated the railway regulation and started his train without any orders, and that this act was the primary cause of his injury. The motion to dismiss the complaint should accordingly have been granted.

Judgment reversed.