## BRADLEY v. NORTHWESTERN PAC. R. CO.
### No. 6245.

Circuit Court of Appeals, Ninth Circuit.
Nov. 17, 1930.

Thomas F. McCue, of San Francisco, Cal., for appellant.

Orrick, Palmer & Dahlquist and R. W. Palmer, all of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and JAMES, District Judge.

WILBUR, Circuit Judge.

This is an action to recover damages resulting from the death of George Francis Bradley, brought by the administratrix of his estate. Decedent was an engineer employed by the defendant railroad company, operating passenger train No. 2 north bound at the time of a head-on collision with extra train No. 184, a south-bound freight train, also operated by defendant company.

Defendant's motion for nonsuit was granted by the court, and this appeal is from the judgment rendered in pursuance thereof.

The evidence shows that the station agent at Hopland, 3½ miles south of Largo, gave the conductor of train No. 2 a clearance card and an order, No. 32, to meet the extra freight, No. 184, at Largo, where the double tracks of defendant's railroad ended and the single track northward commenced. The conductor delivered a copy of each to the decedent as engineer, and delivered his own copy to the brakeman, all in conformity with the rules of the company to that effect. The decedent engineer, upon entering the cab of the engine at Hopland, gave the "meet" order to his fireman, who read the same aloud and handed it back to the decedent in conformity with the rules of the company. Thus the conductor, the engineer, and fireman, and head brakeman were informed of the order requiring them to meet extra freight No. 184 at Largo. The rules of the defendant, as an additional precaution against collision, required the conductor to give a short blast of the air whistle immediately after the locomotive whistles on passing the whistling post, which was to be acknowledged by the engineer by two short blasts of the steam whistle, whenever the passenger train approached a station at which it was to stop for an opposing train. The defendant company had printed rules regulating the duties of its officials operating its trains. By rule 105 it was provided that both conductor and engineman are responsible for the safety of their train. Rules 210 and 752 make certain provisions in regard to the disposition of the copies of train orders received by the conductor, the engineer, and the fireman, and the reading aloud thereof at the time of their delivery. Rule 813 provides that the general direction and government of the train is invested in the conductor, and that all persons employed on the train will obey his instructions, and that, when in doubt, the conductor will consult with the engineman and be equally responsible with him for the safety and proper handling of the train. Provision was made by which a conductor could, in an emergency, apply brakes by pulling a cord running along the side of the passenger coach, so that a train proceeding at the speed at which the decedent was operating this train could be stopped by him in about 500 feet after the application of the brakes. Under the rules of the company, it was the duty of the brakeman to call the attention of the conductor to a failure to stop the train at a passing point and the duty of the fireman likewise to remind the engineer of the "meet" order. It appears from the evidence that the conductor and head brakeman and the fireman all forgot to carry out the obligations thus imposed upon them. Upon this neglect the appellant predicates her right of recovery.

Train No. 2, operated by the decedent, had passed the designated meeting point at Largo about 1,800 feet, when the fireman saw the pilot of the approaching freight train, No. 184 rounding a curve, and warned the en-

gineer, at the same time leaping from the cab. At that time it was too late to avoid collision, which occurred almost simultaneously with the fireman's warning. The engineer of train No. 2 was instantly killed.

The trial court, upon the authority of Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212, and other cases to like effect, held that the negligence of the decedent in failing to obey the order to pass the extra freight at Largo was the direct and primary cause of the accident. The appellant contends that the negligence of the conductor in failing to give the warning by whistle, required by the rules of the company, was a contributing cause of the accident, for which the company was responsible, and that, under the Federal Employers' Liability Act (45 USCA §§ 51–59), she is entitled to recover a portion of the damage resulting to her from his death in the ratio which the conductor's negligence bears to the negligence of the decedent. 45 USCA § 53. This proposition is predicated upon the assumption that the negligence of the conductor was the negligence of the railroad company and was a proximate contributing cause of the collision. It is said that the jury might justly infer from the evidence that, if the conductor had given the warning whistle, as provided by the rules, the accident would not have occurred. The question involved has been so recently determined by the Supreme Court that a mere reference to those decisions will be sufficient to point out the proper decision in this case. In the case of Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212, the engineer of a train was killed in a head-on collision caused by the failure of the train crew to obey the instructions they had received to pass another train. It was contended that the negligence of the other members of the crew was a contributing cause of the collision, notwithstanding the obligation of the engineer to obey the passing order. On this basis the Supreme Court of the state of Tennessee had sustained the judgment against the director operating the railroad for the government. The Supreme Court reversed this decision upon the ground that it was the personal duty of the engineer positively to ascertain whether the other train had passed; that his duty was primary because he had the physical control of his train and was managing its course. Appellant seeks to distinguish that case from the one at bar upon the ground that the conductor in that case had told the engineer to look out for the passing train, which he had agreed

to do. It is evident that the Supreme Court was not influenced in its decision in Davis v. Kennedy, supra, by a belief that the conductor of a train could divest himself of all responsibility for the management of a train and place the engineer under obligation to perform duties which otherwise were his because in a later case the Supreme Court, on an application for a writ of certiorari, has adhered to the conclusion announced in Davis v. Kennedy, supra, where there was no such arrangement between the engineer and conductor, Unadilla Valley R. R. Co. v. Dibble (C. C. A.) 31 F.(2d) 239; Id., 280 U. S. 565, 50 S. Ct. 25, 74 L. Ed. 618. The Circuit Court of Appeals of the Second Circuit, in an action brought by a motorman on a gasoline driven car of a railway company, upon the authority of Davis v. Kennedy, supra, and Unadilla Valley Ry. Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. 224, held that a motorman was not entitled to recover for injuries received by him in a collision which resulted from a violation of orders received by him, although he was given a signal by the conductor to start his train and did move forward in accordance with this signal, thus coming in collision with the freight train covered by the "meet" order. In that case it was the duty of the engineer, under the rules of the railroad company, to ignore the signal of the conductor, given in the face of written orders which could only be revoked or countermanded by a written order. In the case just considered, we have the conductor contributing to the accident, so far as he did contribute thereto, by an affirmative act of disobedience, instead of by mere neglect of a duty imposed upon him as in the case at bar. The case of Unadilla, etc., R. R. Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. 224, supra, related to the same accident as that in the case of Unadilla Valley Ry. Co. v. Dibble, supra. Caldine, the conductor who gave the wrong signal, was killed in the collision which injured Dibble, the engineer, and his administrator brought the action to recover damages therefor. The Supreme Court reversed the judgment of the Court of Appeals of the state of New York, wherein it was held that Caldine's administrator could recover on the ground that the engineer's negligence was a contributing cause of the collision. The Supreme Court there held that his administrator could not recover, notwithstanding the duty of the motorman to disobey the conductor's signal and notwithstanding the neglect of a station agent to give to the conductor a telephone message from the on-coming train showing its

whereabouts. Mr. Justice Holmes, who delivered the opinion of the court said:

"A failure to stop a man from doing what he knows that he ought not to do, hardly can be called a cause of his act. Caldine had a plain duty and he knew it. The message would only have given him another motive for obeying the rule that he was bound to obey."

Paraphrasing this language, it would declare that the decedent, in the case at bar, had a plain duty to perform, and that the signal of the conductor would have only given him another motive for obeying an order which he was already bound to obey. Indeed, as the appellee points out in his brief, the Supreme Court of the United States, in a short memorandum opinion in Yadkin R. R. Co. et al. v. Sigmon, Administratrix, 267 U. S. 577, 45 S. Ct. 230, 69 L. Ed. 796, has passed upon the exact question involved here. In that case, as appears from the decision of the Supreme Court of North Carolina, Sigmon v. Southern R. Co., 186 N. C. 519, 120 S. E. 56, the administratrix had recovered damages for the death of an engineer resulting from a collision caused by operating his train in violation of train orders. It was held by the Supreme Court of North Carolina that, although the decedent engineer was negligent in failing to obey the "meet" order, it was also the duty of the conductor and flagman, when they found the engineer had gone contrary to orders, to signal the train to stop. Both the flagman and the conductor apparently forgot the order, and did not so signal the engineer. Instead of thus reminding the engineer of his obligation, the flagman pulled the signal cord giving the engineer the signal to go ahead, and the conductor, although apparently observing him do so, did not interfere. The Supreme Court of North Carolina held that their negligence was a contributory cause of the death of the engineer, and that the jury was therefore empowered, under the Federal Employers' Liability Act, to apportion the recovery according to the ratio which they found should exist between the causal effect of the contributory negligence of the engineer and that of the defendant railroad company in the conduct of its conductor and flagman. In reversing this decision, the Supreme Court remanded the cause for further proceedings upon the authority of Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. E. 212; Frese v. C., B. & Q., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131. These cases are decisive of the case at bar.

Judgment affirmed.