[No. 24131. Department One. February 20, 1933.]

A. W. TATE, *Respondent,* v. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY, *Appellant.*[1]

*F. M. Dudley, O. G. Edwards, A. J. Laughon,* and *Garrecht & Twohy,* for appellant.

*Frank C. Hanley* and *George D. Ayres,* for respondent.

MITCHELL, J.—This is an action for damages for personal injuries suffered by the plaintiff while engaged as rear brakeman on a freight train of a railroad company engaged in interstate commerce. It was brought under the Federal Employers' Liability Act. There was a verdict for the plaintiff, from which the defendant has appealed.

[1]Reported in 19 P. (2d) 137.

The assignments of error present two questions: (1) Insufficient evidence, as a matter of law, to establish actionable negligence against the railroad company; (2) disobedience by the respondent of the operating rules of the railroad company, which it is claimed constituted contributory negligence barring recovery.

Considering the first question, there was substantial evidence to show that the respondent was acting as rear brakeman on a regular freight train on a run from Dishman, Washington, to a point beyond Jenida, Idaho; that the train and its crew were under command of a conductor; that, upon arriving at Jenida, in the nighttime, the train stopped a few minutes to set out a box car, during which time the remaining forty cars and caboose were left on the main track; that the respondent and the conductor, both awake, were in the caboose, at which time a special train, consisting of an engine and caboose, inferior in rank to the regular freight train, and traveling at what some of the witnesses described as a rapid rate of speed, immediately reduced to about fifteen miles an hour at the time of the collision, crashed into the caboose of the regular freight train, without any signal by bell, whistle, or otherwise, causing the grievous and permanent personal injuries complained of. The rear brakeman acted as flagman of the freight train, but had not put out a flag on the occasion of the collision.

Jenida was a station with a single main track and without yard limit signs. It appears that the surrounding country was open; at least there was testimony that, approaching the regular freight train from the rear, the red markers on the caboose of that train could be seen for a distance of "nine telephone poles, 1,080 feet." One of the officers on the engine of the

special freight train admitted that he saw the red markers four hundred feet away. The officers of the special train were advised by the train dispatcher that they were following the regular freight train. The officers and crew of the regular freight train were in no way informed that the special train was on the line.

█ The evidence was sufficient to submit the case to the jury with respect to appellant's negligence as a proximate cause for the injuries suffered by the respondent.

Appellant relies on certain authorities, as follows: *Great Northern R. Co. v. Wiles,* 240 U. S. 444, 60 L. Ed. 732, where no one was at fault except the injured employee; *Frese v. C. B. & Q. R. Co.,* 263 U. S. 1, 68 L. Ed. 131, to the same effect; *Unadilla R. Co. v. Caldine,* 278 U. S. 139, 73 L. Ed. 224, where it was said:

"It seems to us that Caldine, or one who stands in his shoes, is not entitled as against the Railroad Company that employed him to say that the collision was due to anyone but himself;"

*Southern R. Co. v. Youngblood,* 286 U. S. 313, 76 L. Ed. 1124, where it was said:

"The record is destitute of any evidence of negligence on the part of the petitioners or their servants or agents which was in any degree a cause of the death of respondent's intestate, and there was nothing to submit to the jury;"

*Southern R. Co. v. Dantzler,* 286 U. S. 318, 76 L. Ed. 1127, to the same effect; and *St. Louis S. W. R. Co. v. Simpson,* 286 U. S. 346, 76 L. Ed. 1152, wherein the court said:

"The facts so summarized are insufficient to relieve the engineer from the sole responsibility for the casualty that resulted in his death."

These authorities are not controlling or applicable in the present case because one of the essentials to the right of the recovery by the employee, under the terms of the Federal Employers' Liability Act, is negligence on the part of the common carrier. U. S. C., Title 45, § 51. That essential of the statute was not found in any of the authorities just referred to and relied on by the appellant.

Upon the question of contributory negligence on the part of the respondent and the effect of it on the verdict, the record presents no difficulty. Section 3 of the act provides, among other things, in effect, that, in actions against a common carrier by railroad to recover damages for personal injuries to an employee, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

The trial court concluded in this case, as a matter of law, that contributory negligence was proved against the respondent and that the amount of the verdict, to be fair and reasonable, should be reduced in proportion to the amount of negligence attributable to the employee. Accordingly, in disposing of appellant's motion for a new trial, the respondent was given the opportunity to elect between accepting a judgment for a stated amount, about sixty per cent of the amount of the verdict, or submitting to a new trial. The respondent chose to take the reduced amount, for which judgment was entered. The appellant does not complain of the reduction or the amount of it.

Affirmed.

TOLMAN, HOLCOMB, PARKER, and MILLARD, JJ., concur.