HARING, Administrator, Appellant, vs. GREAT NORTHERN RAILWAY COMPANY, Respondent.

*October 20, 1908—January 5, 1909.*

*Railroads: Negligence: Injuries to servants: Defective appliances: Contributory negligence: Failure to warn: Statutes: Questions for jury: Sufficiency of evidence.*

1. In an action for negligent injury causing death of a servant by being crushed between a moving freight car and a railroad platform it appeared, among other things, that the platform, conforming to the curve of the track, was about twenty inches from the ends of a car as it passed, while the center of the car was about five and one-half inches from it; that the platform was so located that it provided only sufficient space between moving freight cars and the edge of the platform to prevent contact between them; that it was not designed to provide a working space at this point; that it was built according to the common method of building such freight platforms; and that the use of the platform for the purpose of loading and unloading freight was best served by locating it so as to have as small a space as possible between it and the cars on the adjacent track. Nothing was shown calling for a different construction of the platform for properly conducting such part of the railroad business, and it was not shown that defendant was negligent in so constructing the platform. *Held:*

    (1) The construction of the platform in such manner that the position of a car on the curve left an open space between the ends of the car and the edge of the platform, which nat-

urally might invite employees to occupy such space and lead them to believe they were in a safe place, did not render the appliance defective and unsafe.

(2) The fact that the ends of the car in passing over the curve would be farther away from the platform than the points between the ends was a natural condition which an employee, as a reasonably intelligent person, must be presumed to know and note, and omission to do so was an act of negligence.

2. In an action for negligent injury causing death of a servant by being crushed between a moving freight car and a railroad platform, it is *held* under the evidence that there was no duty on the part of the master to warn the servant of the peril complained of, and that the servant was guilty of negligence in assuming such place of danger to perform his duty.

3. The language of ch. 254, Laws of 1907, "In all cases under this act the question of negligence and contributory negligence shall be for the jury," in no way affects the judicial power of the court to determine the legal sufficiency of the evidence tending to prove the fact of negligence and *contributory* negligence.

4. Under ch. 254, Laws of 1907, providing that in all cases under that act the question of negligence and contributory negligence shall be for the jury, no jury question can arise unless the court first determines that the evidence adduced legally tends to prove such negligence.

5. Where the trial court has properly determined that there is no evidence tending to show negligence or contributory negligence there is no question of fact thereby presented to be resolved by the jury, notwithstanding the language of ch. 254, Laws of 1907, requiring in all cases under such act that the question of negligence and contributory negligence shall be submitted to the jury.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action for damages arising out of the death of plaintiff's intestate, alleged to have been due to the negligence of the defendant. The complaint alleges:

"That on the 2d day of July, 1907, the plaintiff's intestate, J. M. Haring, was engaged in the performance of his duties as a switchman for the defendant in its said yards at Superior, Wisconsin; that at said time and place one of the defendant's large freight cars was being moved and pushed

upon said switch track by the side of said platform by the defendant's engineer in charge of one of its locomotive engines under the direction of its switching foreman, and that as said car had moved a short distance upon said track by the side of said platform and was about to be brought to a standstill so as to be stopped, set, and blocked there, and the engine detached, the plaintiff's intestate, J. M. Haring, in the performance of his duties as such switchman, passed from the side of said switch track opposite to said platform by the end of said car, across said track and between said car and said platform, for the purpose of placing a block under the wheel of said car so that it would not run out of said switch track when detached from said engine, and that when he got between said car and said platform he was caught between the side of said car and said platform and then and there crushed and mortally injured to such an extent that he died as the result of such injuries on said July 2, 1907."

The accident occurred at a point where the track curved and where the platform was constructed on a curve corresponding to the curve of the track. As the car passed around the curve the ends of the car were about twenty inches from the edge of the platform; the center of the car five and one-half inches. Plaintiff's intestate stepped from in front of the approaching car into the open space between the end of the car and the platform, and as the center of the car reached him he was so crushed and injured that death resulted. The car was about to stop, and the deceased was ready to block the car and prevent its moving on the switch track beside the platform. The deceased was working as a member of a switching crew, consisting of an engineer, a fireman, a switch foreman who had charge of and directed the work, the switchman, and the deceased. At the time of the accident deceased was on the ground opposite the platform, while the other members of the crew were backing a car in with an engine. The other switchman was on the engine to give the signal for the stopping of the car. This could be given from either side of the engine to the engineer or the fireman. The plat-

form near the track was used for loading, unloading, and holding freight, and was built practically on a level with the floor of the freight cars and in such close proximity as to permit moving light freight into and out of the cars. It was not designed to leave working space between the platform and the car, and it was not necessary for the deceased in the performance of his duties to step into this space. When it was free from obstruction it was customary to work on the engineer's side of the switch train, but the other, or fireman's, side was used when appropriate. Deceased's duty could properly be performed on the fireman's side of the car, which was open and free from structures and well adapted for blocking the car. It appears that the platform is built as freight platforms are commonly built, as to its proximity to the track and its height, and that the deceased, by stepping into a position between the car and the platform, voluntarily chose his place of work. Decedent had been in the employ of the defendant company for some years, performing various services which brought him into the freight yard upon and near the platform. During the month preceding the accident he had served most of the time with the switching crew, switching freight cars in the yard about this platform and on the switch tracks adjacent thereto.

The defense alleged contributory negligence on the part of the deceased and also introduced a release containing the following, signed by the father of the deceased:

"That, in consideration of said employment and the wages to be paid, the said party of the second part does hereby release said company from all claims, damages, or loss which may accrue to him, the said party of the second part, growing out of injuries which he, the said minor, may receive while in the service of said company, and that the said minor is subject to the employment by the said first party, at its pleasure, and that the said minor may execute a full release and satisfaction therefor without the consent of said parent or guardian."

At the conclusion of plaintiff's case the defendant moved for a nonsuit, and this the court granted on the following grounds:

"(1) That plaintiff has failed to show any actionable negligence on the part of the defendant; (2) that if actionable negligence on the part of the defendant has been shown, still the court must say, as a matter of law, that the negligence of the deceased was greater than that of the defendant and contributed in a greater degree to produce the injury complained of."

This is an appeal from the judgment granting a nonsuit.

The cause was submitted for the appellant on the brief of *W. P. Crawford,* and for the respondent on that of *J. A. Murphy* and *C. H. Crownhart.*

SIEBECKER, J.    The appellant contends that the trial court erred in dismissing the complaint, in holding that the evidence, as matter of law, showed that defendant was not negligent, and that plaintiff was chargeable with contributory negligence.    It is urged that the defendant was negligent in not providing a sufficient working space between all parts of the car and the edge of the freight platform along the curve adjacent to the track.    The proof is that the platform is so located that it provides only sufficient space between moving freight cars and the edge of the platform to prevent contact between them, and that it was not designed to provide a working space at this point.    It is also shown that this is the common method of building such freight platforms.    We find nothing in the case calling for a different construction of this appliance for properly conducting this part of the railroad business.    Appellant contends that the case of *Dorsey v. Phillips & C. C. Co.* 42 Wis. 583, and similar cases are in point to show that it was negligence not to leave a safe working space between the edge of the platform and the freight cars on the adjacent tracks.    These cases do not rule this one, because in

those cases the servant was expected to occupy the unsafe place in the performance of his duty, while in the instant case the servant was not required to perform his duties where he was injured.   Its use as a platform for the purpose of loading and unloading freight was best served by locating it so as to have as small a space as possible between it and the cars on the adjacent tracks.   It is not shown that the company was negligent in so constructing it.   It is contended that the case of *Hemmingsen v. C. & N. W. R. Co.* 134 Wis. 412, 114 N. W. 785, is on all-fours with and rules this case.   An examination of the facts of that case discloses that the platform was near the side-track at a manufacturing plant, used very rarely; that there was a space between the cars and the edge of the platform of from eleven inches to two feet or more; that the platform varied in height; that the side-track near it was not used much; that the brakeman in that case was engaged in giving signals for the movement of the engine and cars onto the track near the platform; that he took the position between the car and the platform to signal on the engineer's side, without knowing how close the cars came to the platform, and that while standing in the open space between the car and the platform he was caught by a projecting handhold and injured.   The court lays stress on defendant's negligence and decedent's contributory negligence, on the fact that the platform and track were rarely used by the railway company, that the decedent was ignorant of the danger of the situation in view of the opening between the cars and the platform, and on the fact that the trial court in passing on these questions had resolved them in favor of the injured party.   These features of the *Hemmingsen Case* distinguish it from the instant one in a number of material respects, in that the evidence showed negligence on the part of the defendant and that the plaintiff was free from contributory negligence, and in that the trial court in that case held that the evidence called for submission to the jury of the issues of negligence and contributory negligence.

Appellant claims that the position of the car on the curve of the track left an open space between the ends of the car and the edge of the platform, and that this would naturally invite employees to occupy this space and lead them to believe they were in a safe place, and that therefore such a construction rendered the appliance defective and unsafe. Nothing unusual or extraordinary results from a car passing over a curve in proximity to a platform. It is manifest that this was an appropriate way of constructing the car and platform. The fact that the ends of the car in passing over the curve would be farther away from the platform than the points between the ends is a natural condition which the deceased, as a reasonably intelligent person, must be presumed to know and note, and his omission to do so was an act of negligence. *Tuttle v. D., G. H. & M. R. Co.* 122 U. S. 189, 7 Sup. Ct. 1166.

It is also urged that the defendant was negligent in not warning the deceased of the danger incident to the performance of his duty at the place in which he was working. This question and that of contributory negligence are inseparably connected under the facts of this case. It appears that the deceased was about twenty-one years of age; that he was fully of the average intelligence of men of that age; that he had several years' experience in the railroad business, and that he had observed the manner of conducting the freight-yard switching and handling of freight cars in proximity to this freight platform. It is shown that the danger complained of was an open and obvious one to persons possessed of ordinary intelligence; that the business was conducted in the manner usual in railroad operation; that the deceased was not ordered or called on to take the position he assumed; that a safe and appropriate place on the side of the car opposite the platform was provided to perform his duties, and that he voluntarily chose this place of danger to perform his duty. Under these circumstances the danger cannot be held to be an abnormal or extraordinary one, but it is one common

to the conduct of the business and obvious to a man of ordinary intelligence, knowledge, and experience while in the exercise of ordinary care.    Under these circumstances there was no duty to warn deceased of the peril complained of, and he was guilty of negligence in assuming this place of danger to perform his duty.

The plaintiff contends that it was error, in the light of the provisions of ch. 254, Laws of 1907 (sec. 1816, Stats.), for the trial court to dismiss the complaint, upon the grounds that it appeared from the evidence, as matter of law, that the defendant was not negligent as charged, and that plaintiff's intestate was guilty of contributory negligence.    It is claimed that the case should have been submitted to the jury, because this act provides: "In all cases under this act the question of negligence and contributory negligence shall be for the jury."    It is argued that this case is one of negligence and contributory negligence, that it is embraced in this act, and hence that those questions could only be determined by the jury.    The effect of this provision of the act has been fully considered in the case of *Kiley v. C., M. & St. P. R. Co.* 138 Wis. ——, 119 N. W. 309, and it requires no further discussion at this time.    It is there determined that this provision of the act in no way affects the judicial power of the court to determine the legal sufficiency of the evidence tending to prove the fact of negligence and contributory negligence, and that no jury question can arise unless the court first determine that the evidence adduced legally tends to prove these facts.    Since the trial court properly determined that there was no evidence tending to show negligence, there was no question of fact to be resolved by the jury.

The court properly awarded judgment dismissing the complaint.

*By the Court.*—Judgment affirmed.