DAVIS, AGENT, *v.* KENNEDY, ADMINISTRATRIX OF KENNEDY, DECEASED.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 85. Argued October 17, 1924.—Decided November 17, 1924.

Where a railway collision, killing an engineer, was directly due to neglect of his personal duty not to move his train forward without positively ascertaining that another train had passed, the possibility that the accident might have been prevented but for contributory negligence of other members of the crew in not performing the look-out duty devolving also upon them, will not sustain an action by his representative against the carrier under the Federal Employers' Liability Act. P. 148.

Reversed.

CERTIORARI to a judgment of the Supreme Court of Tennessee affirming a judgment for death by personal injuries, recovered under the Federal Employers' Liability Act.

*Mr. Fitzgerald Hall,* with whom *Mr. Frank Slemons* and *Mr. Seth M. Walker* were on the brief, for petitioner.

*Mr. W. E. Norvell, Jr.,* for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action under the Employers' Liability Act of April 22, 1908, c. 149, § 1, 35 Stat. 65, brought by the administratrix of David Kennedy to recover damages for his death upon a railroad while under federal control. The death was caused by a collision between two trains called No. 1 and No. 4, west of a point known as Shops which was two and a half miles west of Nashville, Tennessee. The tracks were double from Nashville to Shops but after that the track was single. No. 1, bound for Nashville, had the right of way, and the crew of No. 4, bound westward, had instructions never to pass Shops unless they knew as a fact that No. 1 had passed it. Kennedy was the engineer of No. 4. The conductor had told him that the train was crowded and had asked him to look out for No. 1, which Kennedy agreed to do. He ran his train on beyond Shops however and the collision occurred.

The trial was in a Court of the State of Tennessee, and the plaintiff got a judgment which was sustained by the Supreme Court of the State on the ground that the other members of the crew as well as the engineer were bound to look out for the approaching train and that their negligence contributed as a proximate cause to the engineer's death. We are of opinion that this was error. It was the personal duty of the engineer positively to ascertain whether the other train had passed. His duty was primary as he had physical control of No. 4, and was managing its course. It seems to us a perversion of the statute to allow his representative to recover for an in-

jury directly due to his failure to act as required on the ground that possibly it might have been prevented if those in secondary relation to the movement had done more. *Frese* v. *Chicago, Burlington & Quincy R. R. Co.*, 263 U. S. 1, 3.

*Judgment reversed.*