ERNEST CALDINE, as Administrator, etc., of HAROLD E. CALDINE, Deceased, Respondent, *v.* UNADILLA VALLEY RAILWAY COMPANY, Appellant.

Third Department, September 8, 1926.

**Railroads — action under Federal Employers' Liability Act for death of plaintiff's intestate, employee of defendant — intestate, conductor on train, left intermediate station contrary to written orders and collided with approaching train — failure of station agent to warn intestate not to disobey orders was not contributing cause — intestate's death was caused solely by his own negligence.**

The plaintiff cannot recover under the Federal Employers' Liability Act for the death of his intestate, a conductor on the defendant railroad, who was killed in a head-on collision between intestate's train and another train, since it appears that plaintiff's intestate had written, permanent orders not to leave an intermediate station until the train with which he had collided had reached that station and passed his train, and that in violation of those orders he left the intermediate station and collided with the approaching train. The fact that the station agent at the intermediate station failed to warn the intestate not to disobey his orders was not a contributing cause. The sole and only cause of the death of plaintiff's intestate was his own negligence.

APPEAL by the defendant, Unadilla Valley Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chenango on the 7th day of December, 1925, upon the verdict of a jury for $2,200, and also from an order entered in said clerk's office on the 15th day of December, 1925, denying defendant's motion for a new trial made upon the minutes.

*William H. Sullivan*, for the appellant.

*Glenn F. Carter*, for the respondent.

H. T. KELLOGG, J.   The plaintiff is the administrator of the estate of Harold E. Caldine, whose death resulted from a collision at Bridgewater, N. Y., between a gasoline driven railroad car and a freight train traveling in opposite directions on the tracks of the defendant, the employer of Caldine. Caldine was the conductor of the gasoline car known as "Train No. 2." He had brought the car into Bridgewater station from the north at about eight-ten on the morning of the collision. The freight train, known as "Train 15," was in charge of a conductor named Risley. It came into River Forks, about two miles south of Bridgewater, from the south, at eight o'clock in the morning. Risley, from the station at River Forks, telephoned Dawson, the station agent at Bridgewater, as follows: "We are ready to leave the Forks. We are coming, hold gas car." Dawson said: "All right, come on." Dawson failed to convey this message to Caldine. A little later Caldine gave the required signal to his motorman to start the gasoline car, and the car started south. Meanwhile, the freight had started north and was approaching Bridgewater. The result was a head-on collision at a point a little south of the Bridgewater station in which Caldine was killed. This action was thereupon brought under the Federal Employers' Liability Act* to recover the damages occasioned by the death of Caldine.

Caldine gave the signal to start the gasoline car in direct violation of the printed orders of his employer, the defendant, which provided as follows: "Train No. 2 will pass Train No. 15 in Bridgewater yard," and "Train No. 15 will take turntable siding at Bridgewater to allow Train No. 2 to pass." These were permanent orders not to be countermanded except by a signed order from the superintendent. No such countermanding order had been given. Caldine had the orders in his possession and had operated the gasoline car thereunder for at least two months. The plaintiff does not dispute that Caldine was negligent. He claims, however, that Dawson was guilty of negligence in not notifying Caldine that the freight was approaching and to hold the gasoline car; that the cause of the collision was compounded of the negligence of Caldine and Dawson; that, therefore, under the Federal Employers' Liability Act the jury were authorized to determine the extent to which the accident was due to Dawson's negligence and to charge the defendant employer *pro tanto* for the damages occasioned. We cannot agree that the negligence of Dawson, if any, was a

---

* See 35 U. S. Stat. at Large, 65, chap. 149, as amd. by 36 id. 291, chap. 143.— [REP.

contributing cause. The collision occurred because Caldine, in violation of orders, gave the signal to start the gasoline car. Dawson's negligence, if any, consisted in a failure to caution Caldine not to disobey his written orders and violate his duty. In other words, he failed to prevent Caldine from being negligent and causing the collision. That argument, to the effect that Caldine's negligence would not have entered in to cause the collision, if Dawson had warned Caldine, is in itself an admission that Caldine's negligence was the proximate cause thereof. We think that Caldine's death was proximately and solely caused by his own negligence. Therefore, the plaintiff may not have a recovery. (*Davis* v. *Kennedy,* 266 U. S. 147.)

The judgment and order should be reversed and the complaint dismissed, with costs.

All concur.

Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.