ERNEST CALDINE, as Administrator of the Estate of HAROLD E. CALDINE, Deceased, Appellant, *v.* UNADILLA VALLEY RAILWAY COMPANY, Respondent.

**Negligence — master and servant — railroads — Federal Employers' Liability Act — where several employees are negligent statute imposes liability upon master for death of one of them — defense of contributory negligence good only in mitigation of damages — erroneous dismissal of complaint where it appears death of railway conductor was caused through his own negligence and that of other employees.**

1. When several employees of an interstate commerce carrier participate in careless operation of a train and death results to one of them, the Federal Employers' Liability Act imposes liability upon the carrier. Under the statute, the defense of contributory negligence is good only in mitigation of damages.

2. It was, therefore, error to dismiss the complaint in an action, under the statute, to recover for the death of the conductor of a car killed as the result of a collision, while engaged in interstate commerce, where the evidence shows that though the deceased gave the signal to start the car in violation of printed orders that it should wait the sidetracking of an approaching train, the motorman also in violation of the orders obeyed the signal and started the car in plain sight of the station agent, who knew of the approaching train and whose duty it was to inform the deceased. All three were negligent and the negligence of the deceased cannot be viewed as the sole proximate cause of the collision.

*Caldine* v. *Unadilla Valley Ry. Co.,* 218 App. Div. 5, reversed.

(Argued October 18, 1927; decided November 22, 1927.)

APPEAL from a judgment, entered September 13, 1926, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*David F. Lee* and *Glen F. Carter* for appellant. It was a question of fact for the jury whether the deceased's violation of the rule was the proximate and sole cause of the collision. (*N. Y. Central & St. L. R. Co.* v. *Niebel,* 214 Fed. Rep. 953; *Galveston, H. & S. A. R. R. Co.* v. *Worth,* 53 Tex. Civ. App. 351; *Union Pac. R. R. Co.* v. *Hadley,* 246 U. S. 330; *Chicago, Rock Island & Pacific R. R. Co.* v. *Ward,* 252 U. S. 18; *Spokane T. E. & R. Co.* v. *Campbell,* 217 Fed. Rep. 518; *Grand Trunk W. Ry. Co.* v. *Lindsay,* 233 U. S. 42; *Seaboard Air Line Co.* v. *Moore,* 228 U. S. 433; *Central Vt. R. Co.* v. *White,* 238 U. S. 507; *Ill. Central R. R. Co.* v. *Skaggs,* 240 U. S. 66.)

*William H. Sullivan* for respondent. The accident in question was solely and directly caused by the negligent act of the plaintiff's intestate. *Kennedy* v. *Davis,* 266 U. S. 147; *Frese* v. *C., B. & Q. R. R. Co.,* 263 U. S. 1; *Great Northern R. R. Co.* v. *Wilds,* 240 U. S. 444; *Sacco* v. *D. & H. Co.,* 213 App. Div. 471; 241 N. Y. 545; *Great*

*Northern Ry. Co.* v. *Wiles*, 240 U. S. 444; *Virginia Ry. Co.* v. *Linksous*, 230 Fed. Rep. 88.)

O'Brien, J. Plaintiff sued under the Federal Employees' Liability Act to recover damages for the death of his son. The statute imposes liability upon a common carrier engaged in interstate commerce for the death of an employee " resulting in whole or *in part* from the negligence of any of the officers, agents or employees of such carrier." Defendant, engaged in interstate commerce, operates trains on a single track from Richfield Junction through Bridgewater and River Forks to New Berlin in this State. Printed orders were issued to all employees: " Train No. 2 will pass Train No. 15 in Bridgewater yard " and " Train No. 15 will take turntable siding at Bridgewater to allow Train No. 2 to pass." Unless countermanded in writing by the superintendent, these orders were permanent. They were not countermanded. Train No. 2 was a gasoline passenger car of which plaintiff's intestate was conductor. Train No. 15 was a freight train of which Risley was conductor. They collided head-on a short distance south of Bridgewater yard and the conductor of the gasoline car was killed.

Decedent violated the printed permanent orders and was guilty of negligence. Whether the collision was due proximately and solely to his lack of care or whether it resulted in part from the negligence of other employees of defendant is the question before us. Risley, the conductor of the freight train, was accustomed each morning to telephone from River Forks, two miles south of Bridgewater, to Dawson, defendant's agent at Bridgewater, informing him that the freight was on its way and asking him to hold the gas car at Bridgewater. The agent's habit was orally to deliver this message to Caldine, the conductor of the gasoline car. A few minutes prior to the collision, Risley, according to custom, telephoned to Dawson but Dawson omitted to inform Caldine. Dawson

asserts that he did tell Dibble, the motorman, but Dibble denies the assertion. Concededly, neither the station agent nor the motorman informed the conductor that the freight was approaching Bridgewater. Nevertheless, the conductor, in violation of printed orders, signaled the gasoline car to proceed toward River Forks and the motorman, also in violation of them, obeyed the signal and started the car in plain sight of the station agent. The conductor's negligence cannot be viewed as the sole proximate cause of the collision. The station agent could and should have prevented it. So could the motorman. All three were negligent. If Caldine had not signaled in violation of orders, the collision would not have occurred. Neither would it have happened if Dawson had communicated Risley's message to Caldine. If Dibble had performed his duty and, in the absence of written abrogation of permanent orders, had refused to obey Caldine's signal, the gas car would have remained at Bridgewater yard and allowed the freight to take the turntable siding. Dawson knew that the freight was approaching; Dibble ought to have known it and should have kept his car stationary. Negligence was not solely Caldine's. His death resulted in part from the negligence of Dawson and Dibble.

Contributory negligence by the deceased will not, under the Federal Employees' Liability Act, necessarily prevent recovery by his personal representative. The defense is good only in mitigation of damages. (*C., R. I. & P. R. R. Co.* v. *Ward*, 252 U. S. 18.) When several employees of an interstate commerce carrier participate in careless operation of a train and death results to one of them, the statute imposes liability upon the carrier. A trainman killed in a collision may be found to have been negligent, yet the carrier is not absolved from blame, when the dispatcher also is at fault. (*Union Pac. R. R. Co.* v. *Hadley*, 246 U. S. 330.) If other employees in secondary relation to the movement of trains might, by mere

possibility, be deemed negligent then actual negligence by the deceased is regarded as the sole and proximate cause of his death. (*Davis* v. *Kennedy*, 266 U. S. 147.) Here the negligence of decedent's coemployee Dawson is more than merely possible. It is actual and flagrant. Dibble, the motorman, like *Kennedy*, the engineer, was in direct control of the car's movement and his failure to await the arrival of the freight was the primary cause of the collision. His duty bound him to disregard the conductor's signal until he was certain that the freight had taken the turntable siding. The conductor's duty was merely secondary to that of the motorman. This, as we understand, conforms with the reasoning in the *Kennedy* case (*supra*).

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Judgment accordingly.