In the Matter of the Claim of LESTER COLLINS, Respondent, against FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.

PER CURIAM. There is no dispute in the facts that this appellant is engaged in interstate commerce. While the railroad physically is wholly within the boundaries of this State it has track connections with the New York Central railroad at Fonda. At that point there is an interchange of passenger traffic and freight shipments. All the trains passing over the railroad carry freight and at least one-half of the amount handled is of interstate character. The affairs of the railroad company are regulated by the Interstate Commerce Commission. It has been legally determined that this corporation is an interstate carrier. (Board of Hudson R. Reg. Dist. v. F., J. & G. R. R. Co., 127 Misc. 866; 223 App. Div. 358.) The claimant was injured while engaged in work on the roadbed. This work was indispensable to the interstate commerce being carried on by the corporation and was a part of it. (Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146; New York Central R. R. Co. v. Porter, 249 id. 168.) The fact that the tracks and railroad property were entirely within the State of New York does not affect its status as an interstate carrier if in fact it engages in interstate commerce. (Caldine v. Unadilla Valley R. Co., 246 N. Y. 365.) This case differs fundamentally from those where mixed questions of law and fact are presented and the conclusion reached depends upon the object and purpose of the work. (See Matter of Plass v. Central New England R. Co., 226 N. Y. 449; Matter of Otterstedt v. Lehigh & Hudson River R. Co., 234 id. 203; Matter of Leslie v. Long Island R. R. Co., 222 App. Div. 702; affd., 248 N. Y. 511.) The award should be reversed and the claim dismissed, with costs against the State Industrial Board. Van Kirk, P. J., Hinman, Davis, Hill and Hasbrouck, JJ., concur. Award reversed and claim dismissed, with costs against the State Industrial Board.