## MISSOURI PACIFIC RAILROAD COMPANY V. FRANKLIN JONES, ADMINISTRATOR.

No. 6033.   Decided November 28, 1934.
(76 S. W., 2d Series, 1044.)

*Leake, Henry, Wozencraft & Frank,* and *Harold H. Young,* all of Dallas, for plaintiff in error.

Where an employer, operating a railroad, has promulgated a rule for the protection of the safety of its employees to the effect that when operating within yard limits trains must move prepared to stop unless the track is seen or known to be clear, and the Engineer on a train is charged by the rules with the personal duty of operating the train and engine of which he is Engineer in accordance with the rules, and a headon collision with another engine, moving in an opposite direction occurs, when the track ahead of his engine is not seen or known to be clear either by the Engineer or his subordinate employees, under

the Engineer's direction on the engine, and the engine is not stopped and a collision occurs, the Engineer is in plain violation of the rule and a finding of the jury that the Engineer was not operating his engine in violation of the rule is wholly without justification and cannot be permitted to stand. Bogue v. Texas Traction Co., 107 Texas, 280, 177 S. W., 954; Culpepper v. I. & G. N. Ry. Co., 90 Texas, 627, 634; Houston & T. C. Ry. Co. v. Ravanelli, 133 S. W., 424; Illinois & G. N. Ry. Co. v. Brice, 100 Texas, 203; Corpus Juris, Vol. 39, p. 666, Section 792bb and Note 12.

An employee engaged in interstate commerce, whose cause of action is controlled by the Federal Employers Liability Act, is precluded from a recovery when his injury was primarily caused by and would not have occurred except for his violation of a rule of his employment imposing a personal and primary duty upon him even though his injury might have been prevented if other employees had done more than they did to avoid the same. Frese, Administratrix v. Chicago, Burlington & Quincy Railroad Co., 263 U. S., 1, 68 L. Ed., 131; Davis v. Kennedy, Administratrix, 266 U. S., 147, 69 L. Ed. 212; Chesapeake & Ohio Railroad v. Nixon, 271 U. S., 218, 70 L. Ed., 914; Great Northern Ry. Co. v. Wiles, 240 U. S., 444, 60 L. Ed., 732.

*S. P. Jones, Franklin Jones,* of Marshall, and *Patman & Moseley,* of Texarkana, for defendant in error.

MR. JUDGE SHARP of the Commission of Appeals delivered the opinion for the Court.

This is an action by Franklin Jones, Administrator of the estate of J. L. Peace, against the Missouri Pacific Railroad Company, for damages caused by the death of J. L. Peace, an employee of the railroad company, by reason of the collision between two trains on the main line near the town of Norphlet, Ark., and a judgment for such damages was recovered against the railroad company. The judgment of the trial court was affirmed by the Court of Civil Appeals at Texarkana, 38 S. W. (2d) 836. This is the second appeal of this case, and we refer to the former opinions rendered. 12 S. W. (2d) 1050 and 24 S. W. (2d) 32.

We copy from the opinion of the Court of Civil Appeals the following statement:

"At the time of the collision, Peace was one of the appellant's engineers and in charge of engine No. 95, which was moving south pulling three tank cars. Engine No. 1278 was backing north on the same track, pulling several box cars attached to

its front end. Both trains were intending to take a siding in order to allow another train to pass which was due within a few minutes. The two trains above mentioned came together on a curve in the track. As a result, Peace was killed. He left a wife and some minor children. This suit was filed by Franklin Jones as administrator of the estate of Peace, to recover damages. It is conceded that the colliding trains were engaged in interstate commerce, * * *.

"The proof shows that at the time the collision occurred a brakeman was riding in the engine cab with Peace (the engineer) and the fireman. The administrator charged negligence on the part of the crew operating engine No. 1278, and also charged negligence on the part of the fireman and brakeman who were in the cab with Peace, in failing to keep a lookout for trains approaching from the opposite direction. Among the regulations adopted and promulgated by the appellant was rule No. 93, which is as follows:

" 'Rule 93. Within the yard limits the main track may be used, protecting against first class trains. Second and inferior class and extra trains must move within yard limits prepared to stop unless the main track is seen or known to be clear.'

"It is admitted by both parties to this suit that the above rule was applicable to both of those trains at the time the collision occurred. They were of the same class and were moving on the main line within the yard limits of Norphlet. It was the duty of each crew to observe and obey that rule.

"On the special issues submitted the jury found the following facts: (1) The operatives of engine No. 1278 violated rule 93 at the time of and just before the collision; (2) which violation was a proximate cause of the collision; (3) that the deceased, Peace, just before and at the time of the collision was not operating engine No. 95 in violation of rule 93; (4) that the fireman or brakeman on the engine of J. L. Peace was in such position for a sufficient length of time to have discovered, by the exercise of ordinary care, the presence of engine No. 1278 in time to have warned Peace in time for him to have averted a collision and resulting death to himself by the exercise of ordinary care and the use of the means at his command; (5) that such person on the fireman's side of the engine failed to exercise ordinary care to warn Peace of the presence of engine No. 1278 in time for him to have, in the exercise of ordinary care, avoided injury to himself; (6) which negligence was the proximate cause of the injury and death of Peace; (7) that Peace did not assume the risk of the collision under the con-

ditions and circumstances in evidence; (8) the jury assessed the damages at $35,000."

The rights and liabilities of the parties involved in this suit are controlled by the Federal Employers' Liability Act of April 22, 1908, c. 149, Sec. 1, 35 Stat., 65, Code, Title 45, Sec. 51 (45 U. S. C. A., Sec. 51). The act provides that every common carrier by railroad, while engaging in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or in case of the death of such employee, * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier * * *." The Supreme Court of the United States, in construing the foregoing act, has held that a recovery for damages for an injury to or death of an employee while engaged in interstate commerce will not be permitted when the negligence of the employee as the sole or primary cause of his injury or death. Davis v. Kennedy, 266 U. S., 147, 45 S. Ct., 33, 69 L. Ed., 212; Frese v. Chicago, B. & Q. R. Co., 263 U. S., 1, 44 S. Ct., 1, 68 L. Ed., 131; Unadilla Valley Ry. Co. v. Caldine, 278 U. S., 139, 49 S. Ct., 91, 73 L. Ed., 224; Great Northern Ry. Co. v. Wiles, 240 U. S., 444, 36 S. Ct., 406, 60 L. Ed., 732; St. Louis Southwestern Ry. Co. v. Simpson, 286 U. S., 346, 52 S. Ct., 520, 76 L. Ed., 1152.

It is again contended by the Railroad Company, as it was contended on the former appeal (24 S. W. (2d) 32), that it should be held as a matter of law that no recovery could be sustained in this case because the negligence of Peace, the engineer, was the sole cause of his injury and death. We do not agree with this contention. If it appeared from the record that the negligence of Peace was the sole and direct cause of his death, we would hold, as a matter of law, that there was no ground for recovery. The pleadings and evidence raise certain issues of fact. Many issues were submitted to the jury. The issue of the sole cause of injury to Peace was not submitted to the jury. The jury found that the operatives of engine No. 1278 violated Rule 93; that the fireman or brakeman on Peace's engine No. 95 at the time of the collision with engine No. 1278 was guilty of negligence, and that such negligence of the operatives of engine No. 1278 and the fireman or the brakeman on engine No. 95 was the proximate cause of Peace's injury. The jury also found that Peace was not operating engine No. 95 at the time of the collision in violation of Rule 93 and that he did not assume the risk of the collision.

238

■ The rule has been announced that it is not a complete defense to an action for damages to an employee engaged in interstate commerce for the railroad company to prove that the negligence of the injured employee was a contributing cause cooperating with the negligence of other employees. Union Pac. R. Co. v. Hadley, 246 U. S., 300, 38 S. Ct., 318, 62 L. Ed., 751; Illinois Central R. Co. v. Skaggs, 240 U. S., 66, 36 S. Ct., 249, 60 L. Ed., 528; Brock v. Mobile & O. R. Co., 330 Mo., 918, 51 S. W. (2d) 100, writ of certiorari denied, 287 U. S., 638, 53 S. Ct., 87, 77 L. Ed., 552; Hawthorne v. I. & G. N. R. R. Co. (Civ. App.), 63 S. W. (2d) 243, writ denied.

■ Under the state of this record we do not think it could be held as a matter of law that the negligence of Peace was the sole cause of his injury and death. It was an issue of fact to be determined. Missouri Pacific R. Co. v. Jones, supra; Grand Trunk Ry. Co. v. Lindsay, 233 U. S., 42, 34 S. Ct., 581, 58 L. Ed., 838; Lancaster v. Fitch, 112 Texas, 293, 246 S. W., 1015, 1017; Dallas Ry. Co. v. Warlick et al. (Tex. Com. App.), 285 S. W., 302.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court November 28, 1934.