**NORFOLK & W. RY. CO. v. RIGGS.**

**RIGGS v. NORFOLK & W. RY. CO.**

**Nos. 7913, 7914.**

Circuit Court of Appeals, Sixth Circuit.

June 29, 1938.

Henry Bannon, of Portsmouth, Ohio (Henry Bannon and Louis D. Bannon, both of Portsmouth, Ohio, and John W. Hudson, of Cincinnati, Ohio, on the brief), for Norfolk & W. Ry. Co.

Paul R. Brown, of Cleveland, Ohio (Edward M. Ballard, of Cincinnati, Ohio, and Fuerst & Brown and Paul R. Brown, all of Cleveland, Ohio, on the brief), for Mary Ellen Riggs.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

These appeals arise out of a judgment entered upon a verdict in favor of the decedent's administratrix in an action for wrongful death. The railway company employed the decedent as a brakeman in its freight yards in the city of Portsmouth, Ohio. At the time of the accident the decedent was engaged in an operation in intrastate commerce, being on a switch engine on track 25, parallel to and adjoining track 26, on which two cars loaded with scrap iron were standing. The conductor stepped on the runningboard of the engine between the tender and a gondola car, and was followed by decedent. The engine backed for approximately two car lengths to a point nearly opposite the cars loaded with scrap iron, and came into contact with a large piece of scrap of the same kind as that loaded on the cars, approximately eighteen inches wide, five feet in length, and weighing more than two hundred pounds. As the engine moved slowly along, the scrap metal struck the journal box on the gondola car and was thrust up between the gondola car and the tender, impaling the decedent against it, cutting off his legs, and causing his death.

In riding upon the runningboard of the engine the decedent violated a standing rule of the railway company which provides that employees must not ride on yard engine pilots or footboards between the engine and cars, or when it puts them forward of the direction in which the engine is moving.

The case was filed in the federal court because of diversity of citizenship, and has been tried twice to a jury. A verdict of $35,700 was set aside by the trial judge as excessive, and at the second trial the verdict was in the sum of $8,500.

The railway company's principal contentions, raised by motion for directed verdict, are (1) that the proximate cause of the accident was the decedent's violation of a standing rule promulgated for his own safety, and that hence his own conduct was the sole efficient cause of his death, and (2) that there is no substantial evidence of the negligence of the company.

The administratrix in a cross-appeal contends that the jury, as shown by affidavits from members thereof, discussed in the jury room a newspaper article which stated that the former verdict had been set aside as excessive, and that the verdict therefore was given under the influence of passion and prejudice and is contrary to law.

We disagree with the contentions of the railway company. The federal decisions which hold that disobedience of an order by a railroad employee bars recovery are those involving disobedience of specific and positive instructions, where such disobedience was the proximate and primary cause of the accident. Cf. Great Northern Ry. Co. v. Wiles, Adm'r, 240 U.S. 444, 36 S.Ct. 406, 60 L.Ed. 732; Frese, Adm'x, v. Chicago, B. & Q. Ry. Co., 263 U.S. 1, 44 S.Ct. 1, 68 L.Ed. 131; Davis, Agent, v. Kennedy, Adm'x, 266 U.S. 147, 45 S.Ct. 33, 69 L.Ed. 212; Southern Ry. Co. v. Hylton, 6 Cir., 37 F.2d 843; Hylton Southern R. Co., 6 Cir., 87 F.2d 393. But here the disobedience was that of a general cautionary order [Cf. Gildner v. Baltimore & Ohio R. Co., 2 Cir., 90 F.2d 635], and was not the primary cause of the injury. The decedent's presence on the runningboard was a mere condition affording an opportunity for the injury suffered. The proximate cause of the accident was the fouling of the track by scrap iron. This was a situation not contemplated by the rule, which had no relation to the elimination of obstructions, but was intended to prevent employees from falling between the engine and the cars or in front of a moving engine. The rule does not prohibit riding on the runningboard in all instances.

If the decedent had been rightfully standing there and the scrap iron had upended, as it did, then the accident might have occurred regardless of decedent's rightful position. The iron in any event was a dangerous hazard and might well have tripped the employee into falling beneath the moving wheels. The prime factor in the injury was the presence near the track of this dangerous obstruction. Decedent's disobedience constituted contributory negligence, but this does not bar recovery under the Ohio statutes under which the administratrix sought relief (Sections 6242–6245, inclusive, and Sections 9017 and 9018, General Code of Ohio), for his negligence was slight and that of the employer greater in comparison.[1] The jury here found in its answer to interrogatories that the decedent's negligence was slight in comparison with that of the railway company.

Section 9018 was held applicable to cases arising out of the negligence of a railroad company in Erie R. Co. v. White, 6 Cir., 187 F. 556. It was construed and applied by the Ohio court of last resort in Lewis v. Pittsburgh, C., C. & St. L. Ry. Co., 89 Ohio St. 9, 104 N.E. 1002, which reversed a judgment entered upon direction of a verdict in behalf of the railroad company and held that it was for the jury to decide, in light of all the facts, whether the negligence was slight in comparison with that of the employer. We conclude that the decedent's disregard of the standing rule did not bar the action brought under the state statutes. While it was stated in Nash v. Pennsylvania R. Co., 6 Cir., 60 F.2d 26, 27 that Section 9018, General Code of Ohio, is not applicable to an action in the federal court (Cf. Herron v. Southern Pacific Co., 283 U.S. 91, 51 S.Ct. 383, 75 L.Ed. 857), this holding now seems to have been overruled in effect by the decision in Erie R. Co. v. Tompkins, 58 S.Ct. 817, 82 L.Ed. ——, 114 A.L.R. 1487, decided by the United States Supreme Court on April 25, 1938.

■ There is substantial evidence of negligence on the part of the railway company. The cars were loaded loosely to the top with scrap iron lifted by a magnet, the metal not being arranged, braced, or placed in the car in any particular order. The strongest evidence on behalf of the railway company that the loading had been carefully done is the statement that a "casual" inspection of the cars was made by the conductor before they left the plant where they were loaded. While the cars had been on track 26 only a few moments before the accident occurred, the dangerous condition of the scrap in the cars had existed for hours, as the cars were moved into the yards in the morning and the accident occurred after midnight. A mark underneath one of the cars showed that the piece which caused the accident fell from it and had been dragged for several feet. In answer to a special interrogatory the jury found that the railway company was negligent, and the record supports this conclusion.

■■ The cross-appeal must be dismissed. While the federal rule with regard to impeachment of the verdict of a jury is more liberal than the state rule [Southern Pacific Co. v. Klinge, 10 Cir., 65 F.2d 85], we do not regard it as applicable here, where it simply appears that the jury read a newspaper item stating that the verdict of $35,700 had been set aside as excessive. The newspaper article did not suggest any other figure, nor does it appear that any substantial prejudice resulted. In Southern Pacific Co. v. Klinge the juror had verified the fact that the defendant had offered to settle for $20,000, which was highly prejudicial. Also the rule announced by the court of last resort of Ohio is well settled to the effect that the verdict of a jury may not be impeached by testimony or affidavits of a member or members of the jury rendering the verdict unless there is evidence aliunde impeaching the verdict. Kent v. State, 42 Ohio St. 426; Holman v. Riddle, 8 Ohio St. 384; Schwindt v. Graeff, 109 Ohio St. 404, 142 N.E. 736; Lund v. Kline, 133 Ohio St. 317, 13 N.E.2d 575. Cf. Emmert v. State, 127 Ohio St. 235, 187 N.E. 862, 90 A.L.R. 242. No such evidence aliunde was offered.

The cross-appeal is dismissed, and the judgment is affirmed.

---

[1] Section 9018, General Code of Ohio. "In all actions hereafter brought against a railroad company operating a railroad in whole or part within this state, for personal injury to an employee or where such injuries have resulted in his death, the fact that he was guilty of contributory negligence shall not bar a recovery when such negligence was slight and that of the employer greater, in comparison. But the damages must be diminished by the jury in proportion to the amount of negligence attributable to such employee. All questions of negligence and contributory negligence shall be for the jury."